The complainant, Heyman, bought a lot on Goodwin avenue, Newark, from the defendant Rynar and gave him a mortgage in part payment. Rynar sold the mortgage to the defendant Goldberg. The lot per survey is two feet narrower on the street line and five feet narrower in the rear than described in the deed. As described in the deed the lot would be available for a two-family house; as it in fact is, it can be used only for a one-family house. It is in a two-family house neighborhood. Heyman, a builder, bought it to build that kind of a house. It is not disputed that if the lot had a two-family house capacity it would be worth what Heyman paid for it — $100 a front foot, and being usable only for a one-family house its value is only $65 a foot. The complainant seeks an abatement of the mortgage debt accordingly and to redeem the mortgage. He holds Rynar's general warranty deed containing the usual covenant of title and there has been an eviction, and as against Rynar he *Page 79 
ordinarily would be entitled to relief (Hawthorne v. Odenson,94 N.J. Eq. 588), and as Goldberg stands in his shoes he would be required to respond. But Heyman induced Goldberg to buy the mortgage, representing that it was good, and that he was going to build on the lot and would pay it off in three months; meaning that when he would build he would secure a larger mortgage out of which to pay him. Goldberg and Rynar's believed testimony to that effect, which Heyman denies, also finds support in Heyman's interest in having the mortgage cashed and the proceeds devoted to paying off a prior mortgage then due, which Rynar had agreed to pay as part of the bargain. He was naturally anxious not to have his lot doubly encumbered for a single debt, and the earlier mortgage uncanceled of record would have been embarrassing to his prospective building operations. Heyman's representation and promises estop him from now saying that the debt is not owing.Wm. F. Glasser Co. v. Muencks, 99 N.J. Eq. 42.
No relief is sought against Rynar personally. The remedy against him is at law on his covenant. The bill will be dismissed.